UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WALKER, | Case No.: 1:24-cv-00777-CDB |
| Plaintiff, | ORDER DENYING AS PREMATURE PLAINTIFF'S MOTION FOR DISCOVERY |
| v. | (Doc. 13) |
| JEFF MACOMBER, *et al.*, | |
| Defendants. | |

Plaintiff Vernon Walker ("Plaintiff") is proceeding pro se and *in forma pauperis* ("IFP") in this action pursuant to 42 U.S.C. § 1983. (Docs. 1, 11). On April 2, 2026, Plaintiff filed a document in which he requests discovery from Defendants related to the identity of members of the California Department of Corrections and Rehabilitation's ("CDCR") Statewide Religious Review Committee ("SRRC").  (Doc. 13).

The Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915 prior to service of the complaint. As explained in the Court's first informational order, a pro se plaintiff may not proceed with a civil rights action until the Court screens the complaint and finds that it states a cognizable claim for relief. (Doc. 5 at 3). Because Plaintiff is a prisoner appearing pro se and IFP, his complaint is subject to screening and he may not proceed in this case until the screening is complete. 28 U.S.C. § 1915(e)(2).

The Court has issued its second screening order pending response from Plaintiff. (Doc. 12).

In its second screening order, the Court advised Plaintiff that, if Plaintiff is not aware of the identity of the members of the SRRC that are causally connected to the deprivations alleged in his claims, he may assert said claims against "Doe" defendants named in place of the unknown members of the SRRC.[1] (Doc. 12 at 3-4). Discovery has not been ordered by the Court and, as screening has not yet been completed, the appropriate defendants have not been served. The Court's first informational order advised Plaintiff that "[n]o discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin." (Doc. 5 at 4).

Accordingly, the Court will deny Plaintiff's motion for discovery as premature.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's motion for discovery (Doc. 13) is DENIED as premature.

The Court reminds Plaintiff that he is required to file a response to the Court's second screening order (Doc. 12) no later than April 20, 2026 (*i.e.*, 30 days from the date of service of the second screening order).

IT IS SO ORDERED.

Dated:    **April 6, 2026**                              _____

                                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] "John Doe" or "Jane Doe" is a "fictitious name used in a legal proceeding to designate a person whose identity is unknown …" *John Doe*, BLACK'S LAW DICTIONARY 853 (8th ed. 2004).

2